**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MAIDPRO FRANCHISE, LLC | : | |
| | : | |
| Plaintiff, | : | Case No. 1:23-cv-12622 |
| | : | |
| v. | : | CIVIL COMPLAINT |
| | : | (Jury Trial Demanded) |
| MAID PRO CLEANING COMPANY, | : | |
| PAVEL LEGKODUKH, and | : | |
| VICTORIA LEGKODUKH | : | |
| | : | |
| Defendants. | : | October 31, 2023 |

**COMPLAINT**

Plaintiff MaidPro Franchise, LLC ("Plaintiff" or "MaidPro"), for its Complaint against Defendants Maid Pro Cleaning Company, Pavel Legkodukh, and Victoria Legkodukh, hereby alleges as follows:

## I.      NATURE OF THE ACTION

1.      This is an action arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act") for trademark infringement, in violation of 15 U.S.C. § 1114(1) and Massachusetts General Laws Chapter 110H, § 12; for false designation of origin, in violation of 15 U.S.C. § 1125(a); for violation of the Anticybersquatting Consumer Protection Act set forth in 15 U.S.C. § 1125(d); and for violation of the Massachusetts Consumer Protection Law set forth in Massachusetts General Laws Chapter 93A, § 2. This is also an action for trademark infringement, unfair and deceptive trade practices, and unfair competition under the common law of the State of Massachusetts.

## II.      THE PARTIES

2.      Plaintiff MaidPro Franchise, LLC is a Delaware corporation with an address at 77 North Washington Street, Boston, Massachusetts, 02114.

1

3.      Defendant Maid Pro Cleaning Company is an unregistered South Carolina company with an address at 132 Woodforest Lane, Anderson, South Carolina, 29626.

4.      Defendant Pavel Legkodukh is a resident of South Carolina with an address at 132 Woodforest Lane, Anderson, South Carolina, 29626.

5.      Defendant Victoria Legkodukh is a resident of South Carolina with an address at 132 Woodforest Lane, Anderson, South Carolina, 29626. Upon information and belief, Victoria Legkodukh is the daughter of Pavel Legkodukh.

### III.      JURISDICTION AND VENUE

6.      The jurisdiction of this Court with respect to the claims set forth herein arises under the Trademark Laws of the United States, as set forth in Title 15 of the United States Code. This Court has jurisdiction under Section 39 of the Lanham Act (15 U.S.C. § 1121) and pursuant to 28 U.S.C. § 1338(a) and (b). This Court also has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332, as the matter in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000) and arises between a citizen of this state and a citizen of another state. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a), and under the principles of pendent jurisdiction.

7.      Defendants are subject to personal jurisdiction in this judicial district insofar as the causes of action herein arise out of persistent tortious conduct in this State or causing Plaintiff injury in this State.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

### III.      BACKGROUND

9.      MaidPro is engaged in the business of, among other things, franchising third parties to own and operate MAIDPRO premium house cleaning and maid services. In those

instances where the operation of a MAIDPRO house cleaning business is franchised, the obligations and duties of the franchisee are subject to and governed by the terms of written "Franchise Agreements."

10.     MaidPro is the sole and exclusive owner of all proprietary and property rights and interests in and to the MAIDPRO franchise system, which includes trade names, trademarks, service marks, trade secrets, and other proprietary rights used in connection with the operation of MAIDPRO house cleaning businesses. At present, the MAIDPRO franchise system comprises of over 250 house cleaning businesses throughout the United States and Canada.

11.     Through years of continuous promotion and use of the MAIDPRO name and marks in association with the development of the MAIDPRO franchise system, MAIDPRO has become a distinctive mark identifying the services provided by franchised MAIDPRO house cleaning businesses.

12.     In recognition of the distinctive character of the MAIDPRO mark, the United States Patent and Trademark Office has granted United States Trademark Registration Nos. 3487518 and 4267920 for the MAIDPRO mark, with and without Design.

13.     U. S. Trademark Registration Nos. 3487518 and 4267920 for the MAIDPRO marks, with and without Design, are in full force and effect and are incontestable within contemplation of Section 15 of the Lanham Act. MaidPro is the owner of the above-referenced marks, the registrations therefore, and the good will associated therewith.

14.     In recognition of the distinctive character of the MAIDPRO mark, the Commonwealth of Massachusetts has granted Trademark Registration No. 69923 for the MAIDPRO mark, with and without Design.

15.     Each registration set forth above is prima facie evidence of the validity of the registration, of MaidPro's ownership of the marks, and of MaidPro's exclusive right to use those marks in commerce on the types of services identified above, as provided in 15 U.S.C. §§ 1057(b), § 1115(a) and Massachusetts General Laws Chapter 110H, § 5(b). Such registrations are further constructive notice of MaidPro's claim of ownership of the marks listed above pursuant to 15 U.S.C. § 1072 and Massachusetts General Laws Chapter 110H, § 5(b).

16.     MaidPro has expended considerable time, money, and effort in developing, advertising and promoting the MAIDPRO franchise system in connection with the MAIDPRO marks. MaidPro has made such an investment to cause consumers to recognize the MAIDPRO marks as distinctly designating MAIDPRO house cleaning businesses as originating and otherwise being affiliated with MaidPro, all in order to further develop and trade upon the goodwill associated with the MAIDPRO marks.

17.     The MAIDPRO marks have long since acquired secondary meaning in the mind of the public who equate the marks with the MAIDPRO franchise system and MaidPro.

18.     Each franchisee of the MAIDPRO franchise system is granted a non-exclusive, limited license from MaidPro to use the MAIDPRO marks and to operate under MaidPro's proprietary business system, utilizing distinctive and confidential methods of conducting business, identification schemes, services, management programs, standards, specifications, proprietary marks and trade secret information.

19.     As set forth above, the relationship between MaidPro and its franchisees is governed by the terms and conditions of the Franchise Agreement entered into between MaidPro and each franchisee.

20. MaidPro plans to continue to expand the MAIDPRO franchise system throughout the United States.

21. MaidPro conducts business activities over the Internet, through its website, www.maidpro.com, where it connects customers to franchisees in their area, and also through social media sites like Facebook and Instagram.

22. The heart of Defendants' wrongful conduct is the establishment and operation of a residential and commercial cleaning businesses offering the same types of services offered by MaidPro and its authorized franchisees under the name "Maid Pro Cleaning Company" using the dominant elements of the service marks created and owned by MaidPro.

23. Defendant Maid Pro Cleaning Company, through Defendants Pavel and Victoria Legkodukh, conducts business activities over the Internet, through its website, http://maidprocleaning.company, from which it advertises and offers for sale its own house cleaning and maid services in Anderson, South Carolina.

24. Defendants advertise and offer for sale cleaning services on Yelp at https://www.yelp.com/biz/maid-pro-cleaning-company-anderson. The Yelp page directs users to maidprocleaning.company.

25. Earlier this year, notwithstanding Maid Pro's and its authorized franchisees' continuous and exclusive use and promotion of the MAIDPRO marks, MaidPro discovered that Defendants were advertising and offering for sale on their website and Yelp pages, their house cleaning and maid services using the mark or name "Maid Pro Cleaning Company."

26. Upon information and belief, Defendants were also using the mark or name "Maid Pro Cleaning Company" in all of their other public-facing documents, including those distributed to consumers in connection with services rendered.

27.     Defendants are not authorized franchisees, or otherwise related to, MaidPro in any manner whatsoever and are not now, and have never been, authorized to use the MAIDPRO mark.

28.     Defendants' use of the mark or name "Maid Pro Cleaning Company" enables Defendants to trade upon and utilize the goodwill established by MaidPro and its franchisees in the MAIDPRO Mark.

29.     Defendants' use of the mark or name "Maid Pro Cleaning Company" will cause consumers to mistakenly assume that there is some association, approval, sponsorship, affiliation, or other relationship between the services of Defendants and MaidPro, when there is not.

30.     MaidPro notified Defendants of their unauthorized use of the MAIDPRO marks prior to the filing of this action. Defendants are, therefore, fully aware of the intellectual property rights of MaidPro and have acted and continue to act in reckless disregard of those rights.

31.     On July 7, 2023, counsel for MaidPro sent a letter to Defendant Victoria Legkodukh, the individual listed as the "Owner & Operator" of the company, demanding that she immediately and permanently cease all use of the MAIDPRO marks, and to modify the website to eliminate the offending use of the "MaidPro" designation by no later than July 21, 2023. Attached hereto as Exhibit A is a true and accurate copy of the July 7, 2023 letter.

32.     Shortly thereafter, counsel was contacted by Defendant Pavel Legkodukh, who informed counsel that Defendant Victoria Legkodukh, the "Owner & Operator" of the company, was his minor daughter. Counsel demanded that Defendant Pavel Legkodukh immediately and permanently cease all use of the MAIDPRO marks, and to modify the website to eliminate the offending use of the "MaidPro" designation by no later than July 21, 2023. Defendant Pavel

Legkodukh claimed he lacked the means to control the website because it had been designed by and/or access to it was controlled by a third-party and that third-party was not currently available.

33.     On July 31, 2023, counsel for MaidPro sent an email to Defendant Pavel Legkodukh, demanding that he immediately and permanently modify the website to eliminate the offending use of the "MaidPro" designation. Attached hereto as Exhibit B is a true and accurate copy of the July 31, 2023 email.

34.     Counsel also attempted to contact Mr. Legkodukh by phone multiple times in an effort to have the offending website taken down. Mr. Legkodukh has yet to take the site down. As of the filing of this Complaint, Defendants continue to operate the website with the infringing mark or name, http://maidprocleaning.company, and use the legal name Maid Pro Cleaning Company throughout the Internet.

## COUNT I

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

35.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 34 as if fully set forth in this Count I.

36.     Defendants, without Plaintiff's consent, have used and are using in interstate commerce a mark or name, "MAIDPRO," in connection with the sale, offering for sale, and advertising of services which, because of their confusing similarity to Plaintiff's MAIDPRO marks and, *inter alia*, the fact that the identical kind of services are offered and sold under the MAIDPRO name and the fact that such services are offered and sold in the same channels of trade and to the same types of consumers as the services sold under the Plaintiff's MAIDPRO

mark, is likely to cause confusion or mistake among consumers, or to deceive consumers, as to the source of such services, in violation of 15 U.S.C. §1114(1).

37.     The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT II

## TRADEMARK INFRINGMENT (MASSACHUSETTS GENERAL LAWS, CHAPTER 110H, § 12)

38.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 37 as if fully set forth in this Count II.

39.     Defendants, without Plaintiff's consent, have used and are using the mark or name MAIDPRO in commerce in connection with services that are confusingly similar to Plaintiff's services, such that Defendants' use is likely to cause confusion, or cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' commercial activities with Plaintiff, in violation of Massachusetts General Laws Chapter 110H, § 12.

40.     The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT III

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

41.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 40 as if fully set forth in this Count III.

42.     Defendants, without Plaintiff's consent, have used and are using the mark or name MAIDPRO in commerce in connection with services that are confusingly similar to Plaintiff's services, such that Defendants' use is likely to cause confusion, or cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' commercial activities with Plaintiff, in violation of 15 U.S.C. §1125(a).

43.     The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

**COUNT IV**

**VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT
(15 U.S.C. § 1125(d))**

44.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 43 as if fully set forth in this Count IV.

45.     Upon information and belief, Defendants registered the domain name http://maidprocleaning.company in 2021 in connection with their commercial and house cleaning business.

46.     As pleaded above, Plaintiff is the owner of incontestable federal registrations for the MAIDPRO mark, which mark is entitled to protection.

47.     Plaintiff's MAIDPRO mark was distinctive at the time Defendants registered the http://maidprocleaning.company domain name.

48.     The domain name http://maidprocleaning.company is confusingly similar to and dilutive of the MAIDPRO mark, which has been registered and widely used since 2008, and the domain name www.maidpro.com registered and used by Plaintiff and its franchisees.

9

49.     Upon information and belief, the registration and use by Defendants of the domain name http://maidprocleaning.company was done in willful disregard of Plaintiff's rights. Defendants' conduct has caused Plaintiff harm, and is entitled to the transfer, forfeiture, or cancellation of the domain name, as well as statutory damages.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

50.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 49 as if fully set forth in this Count V.

51.     Defendants have engaged and are continuing to engage in acts of trademark infringement in violation of the common law of the State of Massachusetts.

52.     The foregoing acts of trademark infringement by Defendants have damaged Plaintiff in an amount that is unknown and cannot at the present time be ascertained, and in a manner that cannot be redressed adequately with an award of monetary damages.

53.     Plaintiff has no adequate remedy at law. The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

54.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 53 as if fully set forth in this Count VI.

55.     The aforementioned activities of Defendants constitute unfair competition in violation of the common law of the State of Massachusetts.

56.     As a result of Defendants' unfair methods of competition and unfair and/or deceptive acts and practices, Plaintiff has been damaged in an amount that is presently unknown and cannot be ascertained at the present time.

57.     Plaintiff has no adequate remedy at law. The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT VII

### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION LAW, Massachusetts General Laws Chapter 93A, § 2.

58.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 57 as if fully set forth in this Count VII.

59.     Defendants, without Plaintiff's consent, have used and are using the mark or name MAIDPRO in commerce in connection with services that are confusingly similar to Plaintiff's services, such that Defendants' use is likely to cause confusion, or cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' commercial activities with Plaintiff, in violation of Massachusetts Consumer Protection Laws, Massachusetts General Laws Chapter 93A, § 2. Defendants was provided notice of this potential lawsuit in a cease and desist letter and communications with counsel for Plaintiff.

60.     The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

### REQUEST FOR RELIEF

WHEREFORE, as relief, Plaintiff prays that:

1.      Defendants, their owners, members, officers, agents, servants, employees, attorneys, and all others in active concert or participation with them be preliminarily and permanently enjoined and restrained from (1) using the MAIDPRO marks (including, using any and all signs, domain names, websites, printed goods, advertising, or electronic communications or solicitations bearing such name and mark) and/or any other designations or indicia that are likely to cause confusion, mistake, or deception with respect to either the source or origin of Defendants' services or Plaintiff's rights and the rights of its authorized franchisees in the MAIDPRO mark; and (2) otherwise infringing upon the MAIDPRO mark, and competing unfairly with Plaintiff and its authorized franchisees.

2.      Defendants be ordered to immediately forfeit or cancel any interest it holds in any website or listing that features or displays the MAIDPRO mark, or any other confusingly similar website or listing, pursuant to 15 U.S.C. § 1125(d).

3.      Defendants be ordered to cancel or change immediately any corporate or fictitious name registrations that contain or feature, in whole or in part the MAIDPRO marks and/or any other designations or indicia that are likely to cause confusion, mistake, or deception including the MAIDPRO mark.

4.      Defendants account for and pay to Plaintiff such damages, together with pre-judgment and post-judgment interest thereon, as Plaintiff has sustained as a consequence of Defendants' infringement upon the MAIDPRO mark, and account for and return to Plaintiff any money, profits, and other advantages wrongfully gained by Defendants through their acts of infringement and other misconduct.

5.     Defendants account for and pay to Plaintiff such damages arising from Defendants' violations of 15 U.S.C. § 1125(a), and any applicable common law and statutory laws of unfair competition.

6.     Plaintiff be awarded treble damages due to Defendants' knowing infringement pursuant to 15 U.S.C. § 1117 and Massachusetts General Laws Chapter 93A, § 9.

7.     Plaintiff be awarded its reasonable attorney's fees, costs, interest, and other expenses pursuant to 15 U.S.C. § 1117; Massachusetts General Laws Chapter 93A, § 9 and Chapter 110H, § 14; and any other applicable statutory or common law provision.

8.     Plaintiff be awarded damages for injury to its goodwill and reputation caused by Defendants.

9.     Plaintiff be awarded such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury of all issues so triable.

Respectfully submitted,

/s/ *Joseph C. Merschman*
Joseph C. Merschman (BBO# 652527)
WIGGIN AND DANA LLP
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4323
(203) 782-2889 fax
jmerschman@wiggin.com

John M. Doroghazi (*pro hac vice forthcoming*)
WIGGIN AND DANA LLP
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4421

(203) 782-2889 fax
jdoroghazi@wiggin.com

*Attorneys for Plaintiff*